UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
1:19-CV-00874-NCT-LPA

| | |
|---|---|
| COUNTY OF MOORE ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RANDY ACRES and SOEK YIE ) <br> PHAN, ) <br> ) <br> Defendants. ) | **MEMORANDUM IN SUPPORT OF DEFENDANTS' AMENDED MOTION TO DISMISS THE AMENDED COMPLAINT** |

Defendants Randy Acres and Soek Yie Phan ("Defendants"), by and through their undersigned counsel, respectfully submit this Memorandum in Support of Defendants' Amended Motion to Dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## NATURE OF MATTER

The issue in this case is the Plaintiff's declaratory judgment claim pursuant to its power of eminent domain to a 20 foot surface easement over its existing water and wastewater lines and Plaintiff's related claim that the Defendants' exclusive remedy to any claims for compensation is an action in inverse condemnation under N.C.G.S. § 40A-51.

On June 25, 2019, Plaintiff County of Moore ("Moore County" or "Plaintiff") filed a Complaint claiming surface easement rights on Defendants' property pursuant to a 2017 Development Policy. [Compl. ¶¶ 12-15]. Moore County admits in the Complaint there are no recorded easements for the water and/or wastewater lines at issue in this case. [Compl. ¶ 8].

Plaintiff alleges that Defendants had a previous fence on Defendants' property within the purported utility easement but that fence was allowed to remain because it was built prior to the

revision date of the Development Policy. [Compl. ¶ 14]. The claims filed by Moore County in the initial Complaint were all premised on a Development Policy that clearly did not apply to the facts alleged as set forth in the initial Motion to Dismiss filed on July 31, 2019. Plaintiff filed the Amended Complaint on August 2, 2019 abandoning any claim of surface easement rights pursuant to the Development Policy. Plaintiff's Amended Complaint asserts the following claims: (1) easement by condemnation pursuant to the Uniform Declaratory Judgment Act; (2) preliminary and permanent injunction; and (3) interference with use and enjoyment of easement.

## PERTINENT FACTS AS ALLEGED IN THE AMENDED COMPLAINT

Plaintiff alleges that Defendants Randy Acres and Soek Yie Phan are owners of certain real property located at 55 Palmetto Road, Pinehurst, North Carolina. [Am. Compl. ¶ 2]. Plaintiff further alleges that a "sewer main and manhole have been in place on the Property since 1948 and a water main was installed in 1965." [Am. Compl. ¶ 7].

Consistent with the allegation that there are no recorded easements on Defendants' property at 55 Palmetto Road, Plaintiff acknowledges that there was no formal exercise of eminent domain powers when the utilities were installed in either 1948 or 1965. [Am. Compl. ¶¶ 7 and 9].

Nonetheless, Plaintiff claims the power to acquire property by condemnation pursuant to N.C.G.S. § 40A-3 but does not allege that it availed itself of this statute in any formal proceeding. [Am. Compl. ¶¶ 10 and 11]. Plaintiff admits that no compensation was paid for any alleged taking and that proper procedures under the North Carolina General Statutes were not followed when the utility lines were installed on Defendants' property. [Am. Compl. ¶¶ 9 and 11-14].

Plaintiff alleges that the "power of eminent domain insulates the condemnor from trespass actions, regardless of whether compensation was paid or proper procedures were used for the taking." [Am. Compl. ¶ 11]. Despite the fact that no formal condemnation procedures were filed, Plaintiff alleges that "[t]he condemnation process and taking occurs when the utilities are installed" on the subject property. [Am. Compl. ¶ 12]. With respect to the issue of inverse condemnation, Plaintiff alleges that Defendants' "exclusive remedy for the taking is to seek compensation" pursuant to N.C.G.S. § 40A-51. [Am. Compl. ¶ 13].

Moore County asserts a surface easement of twenty feet over the water and/or wastewater lines purportedly installed in 1948 and 1965. [Am. Compl. ¶ 16]. Moore County further alleges that Defendants made application for a fence permit in November 2018 and constructed a fence within the County's purported surface easement on or about April 29, 2019. [Am. Compl. ¶¶ 20 and 28]. Despite the admitted lack of recorded easements, Moore County alleges that "Defendants refuse to acknowledge the County's rights to the easement areas" asserted in the Amended Complaint. [Am. Compl. ¶ 29].

## ARGUMENT

**I.    MOTION TO DISMISS STANDARD**

Under the *Twombly* standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L.Ed. 2d 929 (2007). The Second Circuit has explained that the Court's inquiry under Rule 12(b)(6) is guided by two principles. *Harris v. Mills*, 572 F.3d 66 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' is inapplicable to legal conclusions' and 'threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949. "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss' and '[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950). Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and . . . determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 129 S. Ct. at 1950.

## II. THE DECLARATORY JUDGMENT CLAIM FAILS AS A MATTER OF LAW

When the record shows that there is no basis for declaratory relief, or the Amended Complaint does not allege an actual, genuine existing controversy, a motion to dismiss pursuant to Rule 12(b)(6) will be granted. *Gaston Bd. of Realtors, Inc. v. Harrison*, 311 N.C. 230, 234-235, 316 S.E.2d 59, 62 (1984).

### A. Plaintiff does not enjoy any rights pursuant to eminent domain

First, Plaintiff seeks a declaration that it enjoys rights of ownership of a twenty foot surface easement over Defendants' property pursuant to its power of eminent domain. [Am. Compl. ¶ 40]. Plaintiff does not enjoy any rights pursuant to eminent domain. Plaintiff acknowledges that no formal condemnation procedures were ever filed in this case. [Am. Compl. ¶¶ 9 and 11-14]. Likewise, Defendants acknowledge that no compensation was ever paid. *Id*.

Plaintiff's claim for condemnation fails to follow the statutory framework set forth in Article 3, Chapter 40A regarding condemnation by Public Condemnors. Public Condemnors are required to provide notice of action to all landowners not less than 30 days prior to the filing of complaint for condemnation. *See* N.C.G.S. § 40A-40. Moreover, Public Condemnors are

required to file a declaration of taking declaring to institute a condemnation action. *See* N.C.G.S. § 40A-41. Plaintiff has failed to file a declaration of taking.

Public Condemnors are also required to deposit with the clerk of court the sum of money estimated by the condemnor to be just compensation for the taking. *See* N.C.G.S. § 40A-41. Plaintiff has failed to deposit any money with the clerk of court for the taking in this case. The law of eminent domain is clear that the title or easement rights do not vest until the requirements contained in the statutory framework for Public Condemnors have been satisfied. *See* N.C.G.S. § 40A-42. As noted by Supreme Court Justice Scalia in *Nollan v. Cal. Coastal Com*, 483 U.S. 825, 831 (1987), "one of the principal uses of the eminent domain power is to assure that the government be able to require conveyance of just such interests (easement rights), so long as it pays for them." Justice Scalia concluded his majority opinion finding that California was free to advance its permit requirements, "but if it wants an easement across the Nollan's property, it must pay for it." *Id*. at 842. Likewise, Moore County has no easement rights in this case without fulfilling the statutory requirements for condemnation, including the payment of just compensation.

Plaintiff cannot assert condemnation rights pursuant to the Uniform Declaratory Judgment Act without any recorded documents or written documents establishing the taking of property rights via condemnation. Plaintiff's claim for declaratory relief pursuant to its power of eminent domain fails as a matter of law. A claim of condemnation is subject to dismissal when a government body fails to follow the statutory guidelines for the taking of property rights in the form of an easement. *Durham & N. R. Co. v. Richmond & D. R. Co.*, 106 N.C. 16, 25, 10 S.E. 1041, 1042-43 (1890).

    **B.**    **There is no actual controversy that would form the basis for declaratory relief**

An actual controversy between the parties is a jurisdictional prerequisite for a proceeding under the Declaratory Judgment Act. The existence of an actual controversy must be shown in the Complaint. *North Carolina Farm Bureau Mut. Ins. Co. v Warren*, 89 N.C. App. 148, 365 S.E.2d 216, *cert. denied*, 322 N.C. 481, 370 S.E.2d 226 (1988).

Plaintiff alleges that "[t]he power of eminent domain insulates the condemnor from trespass actions, regardless of whether compensation was paid or proper procedures were used for the taking." [Am. Compl. ¶ 11]. In support of this proposition of law, Plaintiff cites a LOCAL GOVERNMENT LAW BULLETIN entitled *Unrecorded Utility Lines*. [Am. Compl. ¶ 11]. In anticipation of a trespass claim that was never filed nor threatened by Defendants, Plaintiff alleges that a "property owner's exclusive remedy for the taking is to seek compensation" under N.C.G.S. § 40A-51 in an action for inverse condemnation. [Am. Compl. ¶ 13]. The mere apprehension of a future event (trespass) is not sufficient to create an actual controversy under the Uniform Declaratory Judgment Act. *Harrison*, 311 N.C. at 234, 316 S.E.2d at 62. While Plaintiff may be able to assert that it has a right to service the lines in question without incurring any liability for trespass, there are no claims that Plaintiffs have either been unable to service the utility lines or that Defendants have made any complaint for trespass. As such, the claim for declaratory relief must be dismissed.

**C.  There is no exclusive right of inverse condemnation under N.C.G.S. § 40A-51**

The First Claim for Relief seeks a declaratory judgment that the exclusive remedy of Defendants to any claims for compensation is an action of inverse condemnation. This claim fails as a matter of law.

Property rights are protected under 42 U.S.C. § 1983. A person who has suffered a purported taking at the hands of a local government may bring a claim in federal court under 42

U.S.C. § 1983 to obtain just compensation. *See Knick v. Twp. of Scott*, 139 S. Ct. 2162, 2172 (2019). Plaintiff Moore County seeks to limit the unique constitutional rights of Defendants to a state law claim of inverse condemnation. In so doing, Plaintiff seeks declaratory relief "that the exclusive remedy of Defendants to any claims for compensation for the taking" of easements rights is an action of inverse condemnation under state law pursuant to N.C. Gen. Stat. §40A-51. [Am. Compl. ¶¶ 11 and 41]

In *Knick*, the United States Supreme Court granted certiorari to reconsider the holding of *Williamson County* that property owners must seek just compensation under state law in state court before bring a federal takings claim under 42 U.S.C. § 1983. *Id.* at 2169. The Supreme Court overruled the holding in *Williamson County* thereby allowing property owners to bring a takings claim under 42 U.S.C. *§ 1983* upon the taking of property without just compensation by a local government. *Id.* at 2179. "The fact that the State have provided a property owner with a procedure that my subsequently result in just compensation cannot deprive the owner of his *Fifth Amendment* right to compensation under the Constitution, leaving only the state law right. And that is the key because it is the existence of the *Fifth Amendment* right that allows the owner to proceed directly to federal court under § 1983." *Id.* at 2171.

As such, Plaintiff's claim for declaratory relief on the issue of inverse condemnation fails as a matter of law.

> **D.** **The declaratory judgment claim must be dismissed for failure to include all proper parties**

Moreover, the requested relief in the First Claim for Declaratory Relief would affect all property owners in Moore County in which there are unrecorded utility easements on their property as claimed by Moore County. Pursuant to N.C.G.S. § 1-260, when Declaratory Relief is sought, all persons shall be made parties who have or claim any interest which would be

affected by the declaration. Unless and until Moore County identifies each and every property owner that have unrecorded utility lines on their property, this case must be dismissed. Pursuant to N.C.G.S. § 1-257, the Court may in its discretion refuse to render or enter a declaratory judgment in this case.

## III. CLAIM FOR INJUNCTIVE RELIEF FAILS AS A MATTER OF LAW

The Second Claim for Relief is for preliminary and permanent injunction related to so-called condemnation of a 20 foot easement right over all currently existing water and/or wastewater lines in Moore County. This claim fails as a matter of law for the reasons stated above.

## IV. CLAIM FOR INTERFERENCE WITH EASEMENT FAILS AS A MATTER OF LAW

The Third Claim for Relief is for interference with use and enjoyment of the 20 foot easement claimed by the County via condemnation. Without any formal condemnation filing or the payment of compensation, this claim fails as a matter of law.

Moreover, in order to claim interference with such a right (surface easement), Plaintiff must establish the existence of the easement. The burden of establishing an easement is upon the party asserting such a right. *McCracken v. Clark*, 235 N.C. 186, 69 S.E.2d 184 (1952). There are no recorded easements on Defendants' property. Based on the allegations in the Amended Complaint, Plaintiff cannot establish surface easement rights on Defendants' property and this claim must be dismissed.

Plaintiff admits in the initial Complaint that prior to 2017, Defendants had the right to use the surface rights of its property and constructed a fence in the area of the claimed easement. Prior to the filing of this action, Plaintiff never objected to Defendants using the surface rights owned by Defendants to construct a fence or plant landscaping. The prior use and enjoyment by

Defendants, and their predecessor owners, of the surface area in dispute is consistent with North Carolina law. While Defendants do not agree that Plaintiff has easement rights in Defendants' property, even if such rights did exist when the water lines were installed in the ground, the landowner has a right to continue to use his land in any manner and for any purpose which is not inconsistent with the reasonable use and enjoyment of the existing easement. *Hundley v. Michael*, 105 N.C. App. 432, 413 S.E.2d 296 (1992).

For the foregoing reasons, Defendants request that this Court enter an order dismissing all claims with prejudice.

Respectfully submitted this the 3rd day of September, 2019.

GRAEBE HANNA & SULLIVAN, PLLC

/s/ Douglas W. Hanna
Douglas W. Hanna, NCSB #18225
4350 Lassiter at North Hills Avenue, Suite 375
Raleigh, North Carolina 27609
Telephone: 919-863-9091
Facsimile: 919-863-9095
Email: dhanna@ghslawfirm.com
*Counsel for Defendants*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has this day electronically filed the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANTS' AMENDED MOTION TO DISMISS THE AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system and served a copy upon all parties to this action by placing a copy of same in the United States mail, postage prepaid, addressed as follows:

>Misty Randall Leland
>Moore County Attorney
>Elizabeth Curran O'Brien
>Assistant County Attorney
>P. O. Box 905
>Carthage, NC 28327

This the 3rd day of September, 2019.

GRAEBE HANNA & SULLIVAN, PLLC

/s/ Douglas W. Hanna
Douglas W. Hanna, NCSB #18225
4350 Lassiter at North Hills Avenue, Suite 375
Raleigh, North Carolina 27609
Telephone:     919-863-9091
Facsimile:     919-863-9095
Email:     dhanna@ghslawfirm.com
*Counsel for Defendants*
